AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
JUN 29 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of<br><br>INFORMATION ASSOCIATED WITH PERVDD4LG@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:18-SW-0542  KJN |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(2); 2252 (a)(4)(b); 2251(a) & (e) | Possession of Child Pornography; Receipt of Child Pornography; Production & Attempted Production of Child Pornography |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☐ Continued on the attached sheet.
☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Scott A. H. Schofield, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 29 2018

_____
*Judge's signature*

City and state: Sacramento, California

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

1  McGREGOR W. SCOTT
   United States Attorney
2  ANDRE M. ESPINOSA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5
6
7  Attorneys for Plaintiff
   United States of America
8
9              IN THE UNITED STATES DISTRICT COURT
10                EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  In the Matter of the Search of: | CASE NO. |
| 13  INFORMATION ASSOCIATED WITH GOOGLE ACCOUNT: PERVDD4LG@GMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC | AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT  **FILED UNDER SEAL** |

16
17       I, Scott A. H. Schofield, being first duly sworn, hereby depose and state as follows:
18       **I.     INTRODUCTION AND AGENT BACKGROUND**
19       1.      I make this affidavit in support of an application for a search warrant for information
20  associated with a certain account that is stored at premises controlled by GOOGLE LLC, a social
21  network company headquartered at 1601 Menlo Road, Menlo Park, California, 94025. The information
22  to be searched is described in the following paragraphs and in Attachment A, hereby incorporated by
23  reference. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§
24  2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require GOOGLE LLC to disclose to the government
25  copies of the information (including the content of communications) further described in Section I of
26  Attachment B. Upon receipt of the information described in Section I of Attachment B (hereby
27  incorporated by reference), government-authorized persons will review that information to locate the
28  items described in Section II of Attachment B.

AFFIDAVIT                                    1

1. I have been employed as a Special Agent of FBI since 2004, and am currently assigned to the Violent Crimes Against Children Squad in the Sacramento Division. While employed by the FBI, I have investigated federal criminal violations related to white collar crime, child exploitation, and child pornography. I have received training in the area of identifying and investigating child pornography and child exploitation crimes, and as part of my duties have observed and reviewed numerous examples of child pornography in all forms of media, including computer media. In the course of my employment, I have participated in many search warrants in connection with child exploitation matters and other violations involving businesses and residences. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, and 2422(b), and I am authorized by the Attorney General to request a search warrant.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2251 (Production and Attempted Production of Child Pornography), 2252(a)(2) (Receipt of Child Pornography), 2252(a)(4)(b) (Possession of Child Pornography), and 2422(b)(Enticement of a Minor), have been committed by JOSHUA SZLACHCIUK ("SZLACHCIUK"). There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## II.  JURISDICTION

4. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## III.  PROBABLE CAUSE

5. The following facts concerning the initiation of this investigation were related to me by Placer County Sheriff's Detectives Steve Slattery and Bryan Mattison:

  a) In 2016, the Placer County Sheriff's Office conducted an investigation related to distribution of marijuana. That investigation identified two subjects, including JOSHUA SZLACHCIUK, a resident of Lincoln, California, and the owner/operator of a martial arts dojo. Further investigation suggested SZLACHCIUK and his accomplice were distributing marijuana around the United States via the mails.

  b) A State of California search warrant, authored by Detective Slattery, was executed at SZLACHCIUK's residence on September 26, 2016. At the time, SZLACHCIUK shared that residence with a non-relative housemate, who occupied a separate bedroom in the residence. During execution of the warrant, law enforcement officers seized CELLULAR TELEPHONE 1 from a nightstand in SZLACHCIUK's bedroom. Law enforcement officers also seized a different cellular telephone from the bedroom of the other occupant of the residence. Additionally, assault weapons were located in the residence.

  c) The State warrant for CELLULAR TELEPHONE 1 limited the permissible search period to January 1, 2016, through September 27, 2016. Thus, a forensically trained detective created a full forensic copy of the data on CELLULAR TELEPHONE 1, and filtered that data to provide Detective Slattery with only data within the permitted timeframe. While Detective Slattery reviewed the data, he noticed the presence of pornographic images. However, he was primarily trying to locate evidence of drug and weapons charges and ignored the pornography.

  d) The Placer County District Attorney's Office charged SZLACHCIUK and his accomplice with drug and weapons crimes. After a preliminary hearing, that case was set for jury trial in November 2017.

  e) As part of preparation for that trial, Deputy District Attorney ("DDA") Ray DeJesus reviewed the date-filtered copy of the data from CELLULAR TELEPHONE 1 that Detective Slattery had reviewed. DDA DeJesus hoped to find in the data indicia of ownership of CELLULAR TELEPHONE 1, which the original State search warrant authorized.

  f) When DDA DeJesus opened the electronic report of the forensic copy from CELLULAR TELEPHONE 1, his computer screen filled with thumbnail images. DDA DeJesus immediately observed that some of the images in plain view on his screen were pornographic and,

some cases, the female depicted in the images appeared under the age of 18 years of age. One image depicted what appeared to be a minor girl orally copulating an apparent adult male. DDA DeJesus also observed pictures of this same girl in a martial arts uniform standing next to SZLACHCIUK, suggesting she may be a student at SZLACHCIUK's martial arts dojo.

6. After seeing these images in plain view, DDA DeJesus contacted the investigating detectives who traveled to his office a few days later and viewed the images DDA DeJesus found. Upon viewing the images, the detectives agreed that the girl ("Victim 1") appeared underage and they began efforts to locate her as quickly as possible, given that SZLACHCIUK was not in custody and it appeared he may have regular contact with Victim 1.

7. The investigators did not seek a rollover warrant to search CELLULAR TELEPHONE 1 for additional child pornography and/or molestation evidence. CELLULAR TELEPHONE 1 remained in the custody of the Placer County Sheriff's Office at that time.

8. Based on the foregoing, on April 20, 2018, I sought a federal search warrant to search the contents of CELLULAR TELEPHONE 1. That warrant was signed by the Honorable Edmund F. Brennan (case 2:18-SW-388 EFB). In addition to the above, which I asserted to the Court supported a finding of probable to search CELLULAR TELEPHONE 1, I disclosed the following additional facts concerning further investigative efforts by Placer County Sheriff's detectives to identify Victim 1 and to identify the adult male depicted in the suspected images of child sexual exploitation discovered by DDA DeJesus. I offered those additional facts to satisfy my duty of candor to the Court and not to influence the Court's probable cause determination. Indeed, I specifically requested that the Court not to consider those additional facts in making its determination of whether probable cause exists to search CELLULAR TELEPHONE 1.

9. Detectives examined the images DDA DeJesus discovered on CELLULAR TELEPHONE 1 more closely and observed that in a picture of SZLACHCIUK and Victim 1, Victim 1's name was visible on her martial arts uniform. Detectives searched public records and were able to locate information about Victim 1. They then asked Detective C. Joyce to examine the phone forensically to attempt to find additional information about Victim 1.

10. Detective Joyce examined the contents of CELLULAR TELEPHONE 1 and located the

following:

      a)      Images of Victim 1 in various stages of undress.

      b)      Images depicting Victim 1's genitals and anus.

      c)      Images depicting Victim 1's anus with various items inserted into her anus.

      d)      At least one image depicting Victim 1 performing oral sex on SZLACHCIUK.

      e)      At least one video depicting Victim 1 removing her underwear, then removing an object from her anus and putting on different underwear.

      f)      A video appearing to show Victim 1 performing oral sex on an adult male. At one point in the video, the male dropped the camera and his tattooed leg was visible. The tattoo matched a tattoo on SZLACHCIUK's leg.

11. Many of the above files did not have date or time data attached because they appeared to have been downloaded to CELLULAR TELEPHONE 1 from the Kik chatting application. However, the video showing Victim 1 performing oral sex on SZLACHCIUK showed a modified date of August 18, 2016.

      a)      The date information mentioned above is assigned by and is dependent upon, the time and date as set on CELLULAR TELEPHONE 1. Thus, this date and time is only accurate if the date and time is set accurately on the device. Based on my training and experience, I know that the date and time setting on cellular telephones are almost always accurate because it is set automatically, taking this data from the network to which the phone is attached. This is not, however, always true of every cell phone. That said, as detailed below, Victim 1 was a minor at the time she was contacted by Placer County Sheriff's Detectives, and thus it can be determined that she was a minor when the video mentioned above was captured.

12. Detectives searched Facebook and determined that Victim 1 attended a high school in the area. Detectives contacted Victim 1 and learned that she was a minor as of the time of the interview (October 2017). Based upon her date of birth and the date information associated with the video on CELLULAR TELEPHONE 1, Detectives determined that Victim 1 was approximately 16 years old when the video was made. Victim 1 provided the following information, in part:

13. At the time of the interview, Victim 1 was 17 years of age and a senior in high school.

AFFIDAVIT       5

1  She had a sexual relationship with SZLACHCIUK. The relationship ended approximately one year
2  before the interview. She confirmed SZLACHCIUK knew her age and acknowledged she was aware
3  that SZLACHCIUK had captured pictures and/or videos of the two of them engaged in sexual acts. She
4  also confirmed she sent nude photographs to SZLACHCIUK, at his request. She sent those images via
5  the Kik messaging application. When asked about the video of Victim 1 performing oral sex on
6  SZLACHCIUK, and whether that had taken place at SZLACHCIUK's martial arts dojo, Victim 1
7  nodded her head and said "probably." Victim 1 was aware that SZLACHCIUK was making the video,
8  but did not know why.

9      14.    After the interview, law enforcement agents located SZLACHCIUK and took him into
10  custody.

11      15.    As set forth above, on April 20, 2018, I obtained a federal search warrant to search the
12  contents of CELLULAR TELEPHONE 1. Pursuant to that warrant, I examined the contents of
13  CELLULAR TELEPHONE 1 and observed the following, in part:

14      a)    Several email accounts were associated with CELLULAR TELEPHONE 1,
15  including PERVDD4LG@GMAIL.COM, the SUBJECT ACCOUNT. Based upon my training and
16  experience, the presence of "perv" in the username indicates the account is used for sexual purposes. In
17  my experience, the acronym "DD" often refers to "daddy/dom[inant]" and "LG" often stands for "little
18  girl."

19      b)    Many Craigslist ads were accessed by the device, including one titled "young boy
20  sucking any cock discretly [sic] all morning."

21      c)    Many text messages between SZLACHCIUK and Victim 1 that were sexual in
22  nature including SZLACHCIUK stating that he wanted to "take [Victim 1] roughly and aggressively
23  almost pushing the boundary of rp [role playing] to reality" and asking "does it matter which hole? Or
24  how I get what I want?" SZLACHCIUK also discusses inserting an anal "plug" with Victim 1.

25      d)    Sexually explicit images of Victim 1 taken while she was a minor, including all of
26  those listed above in Paragraph 10.

27      e)    A 36-second color video depicting Victim 1 performing oral sex on
28  SZLACHCIUK. This is the same video observed by Placer County Detectives, as described above in

AFFIDAVIT    6

Paragraph 10.

16.     Based on my training and experience in child pornography investigations, I am aware that it is common for the subjects of the investigations to establish separate email and other online accounts to conduct their illicit activity and those accounts have often had sexually explicit usernames. Based upon the presence of child pornography and sexually explicit text messages with a minor on CELLULAR TELEPHONE 1, which the evidence demonstrates belongs to SZLACHCIUK, and the sexual nature of the username of the SUBJECT ACCOUNT, I believe there is probable cause that SZLACHCIUK utilized the SUBJECT ACCOUNT to store images of child pornography and/or to communicate with other minors and/or other collectors of child pornography to obtain images of child pornography.

### IV.     BACKGROUND CONCERNING GOOGLE

17.     I know, based on my training and experience, that GOOGLE is an online Internet search engine that also offers a variety of products for personal and commercial needs such as email accounts (which GOOGLE calls Gmail), social media services (GOOGLE Plus), cloud/network storage services (GOOGLE Drive), internet browsers (GOOGLE Chrome), internet chats (GOOGLE Hangouts), location and mapping services (GOOGLE Maps), and various other media applications. Gmail is commonly used to email images and attachments, and GOOGLE'S Drive and Photos cloud storage applications are also commonly used to store images, videos, and documents. GOOGLE Plus is GOOGLE's social network and is similar in idea to Facebook or Twitter. It consists of social media update streams, contacts, circles of friends, conversations, and shared content such as videos or images. GOOGLE Hangouts is a chatting program that allows users to log into their Google account and communicate with other GOOGLE users in either text chat form, or video chat via the use of a web camera. I furthermore know that in order to access and use the majority of the GOOGLE services described above, the creation of a GOOGLE account is required. Upon the creation of an account, the user/creator would then have access to all of these extra services and can use them at will.

18.     In my training and experience, GOOGLE generally asks subscribers to provide certain personal identifying information when registering for an account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, email addresses, and

other personal information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, I know that this information often provides clues to their identity, location or illicit activities.

19. In my training and experience, social network and email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of services utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, social network and email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

20. As explained herein, information stored in connection with a social media or email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with a GOOGLE account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, "friend" lists, chat communications, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the account along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email

1 account access and use relating to the crime under investigation. This geographic and timeline
2 information may tend to either inculpate or exculpate the account owner. Additionally, information
3 stored in the user's account may further indicate the geographic location of the account user at a
4 particular time (e.g., location information integrated into an image or video sent via email). Last, stored
5 electronic data may provide relevant insight into the account owner's state of mind as it relates to the
6 offense under investigation. For example, information in the account may indicate the owner's motive
7 and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt
8 (e.g., deleting communications in an effort to conceal them from law enforcement).

## V. CONCLUSION

21. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on GOOGLE LLC who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

22.

Respectfully submitted,

_____
Scott A. H. Schofield
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on: June 29, 2018

_____
The Honorable Kendall J. Newman
UNITED STATES MAGISTRATE JUDGE

_____
Approved as to form by AUSA ANDRE M. ESPINOSA

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the GOOGLE account PERVDD4LG@GMAIL.COM that is stored at premises controlled by GOOGLE LLC, a company that accepts legal process via a law enforcement portal I have used and am familiar with.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be disclosed by GOOGLE LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, posts, messages, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on March 15, 2018 (request #1572948), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.     The entire contents of the GOOGLE account and any information or data associated with the account, including stored or preserved copies of posts, photos, videos, messages and emails sent to and from the account, draft messages and emails, the source and destination accounts associated with each message and email, the date and time at which each message or email was sent, and all contents of these messages and emails;

b.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, email and alternative email addresses provided during registration, methods of connecting, log files, and any means and source of payment (including any credit or bank account number) if provided;

c.     The types of services utilized;

AFFIDAVIT

    d.    All records or other information stored at any time by an individual using the account, including address books, contact and "friend" lists, calendar data, pictures, and files;

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

    f.    Any and all search terms associated with the account, whether searched in the Google Search Engine, Youtube, or any other Google service.

**II.    Information to be seized by the government**

All information described above in Section I that constitutes evidence, instrumentalities, contraband, or fruits of violations of 18 U.S.C. §§ 2251, Attempted Production of Child Pornography, 2252(a)(2), Receipt of Child Pornography, 2252(a)(4)(b), Possession of Child Pornography, and 2422(b), Enticement of a Minor, occurring after February 10, 2010, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a)    Sexually explicit communication with, and receipt of sexually explicit images/videos from, minors

    (b)    Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the GOOGLE account owner;

    (c)    Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

    (d)    The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

AFFIDAVIT

(e) The identity of any person(s) who may have communicated with SZLACHCIUK about matters relating to the production and/or receipt and/or possession of child pornography or the enticement of minors, including records that help reveal their whereabouts.

AFFIDAVIT

# UNITED STATES DISTRICT COURT
for the  
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of  )<br>  )<br>INFORMATION ASSOCIATED WITH  )<br>PERVDD4LG@GMAIL.COM THAT IS STORED AT  )<br>PREMISES CONTROLLED BY GOOGLE LLC  )<br>  ) | Case No. 2:18-SW-0542 KJN |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____July 9, 2018_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California</u>.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

11:30 a.m.

Date and time issued: _____June 29, 2018_____      _____  
                                                                                    *Judge's signature*

City and state: _____Sacramento, California_____      Kendall J. Newman, U.S. Magistrate Judge  
                                                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____     _____
Signature of Judge                                              Date

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with the GOOGLE account PERVDD4LG@GMAIL.COM that is stored at premises controlled by GOOGLE LLC, a company that accepts legal process via a law enforcement portal I have used and am familiar with.

# ATTACHMENT B

## Particular Things to be Seized

I.  **Information to be disclosed by GOOGLE LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, posts, messages, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on March 15, 2018 (request #1572948), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The entire contents of the GOOGLE account and any information or data associated with the account, including stored or preserved copies of posts, photos, videos, messages and emails sent to and from the account, draft messages and emails, the source and destination accounts associated with each message and email, the date and time at which each message or email was sent, and all contents of these messages and emails;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, email and alternative email addresses provided during registration, methods of connecting, log files, and any means and source of payment (including any credit or bank account number) if provided;

c. The types of services utilized;

AFFIDAVIT

    d.    All records or other information stored at any time by an individual using the account, including address books, contact and "friend" lists, calendar data, pictures, and files;

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

    f.    Any and all search terms associated with the account, whether searched in the Google Search Engine, Youtube, or any other Google service.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence, instrumentalities, contraband, or fruits of violations of 18 U.S.C. §§ 2251, Attempted Production of Child Pornography, 2252(a)(2), Receipt of Child Pornography, 2252(a)(4)(b), Possession of Child Pornography, and 2422(b), Enticement of a Minor, occurring after February 10, 2010, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a)    Sexually explicit communication with, and receipt of sexually explicit images/videos from, minors

    (b)    Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the GOOGLE account owner;

    (c)    Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

    (d)    The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

AFFIDAVIT

1  (e) The identity of any person(s) who may have communicated with SZLACHCIUK about matters relating to the production and/or receipt and/or possession of child pornography or the enticement of minors, including records that help reveal their whereabouts.

AFFIDAVIT